UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA KAUFMAN and MICHAEL KAUFMAN, a married couple,<br><br>Plaintiffs,<br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY, a foreign insurer,<br><br>Defendant. | CASE NO. 22-cv-00539-BJR<br><br>ORDER GRANTING STATE FARM'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING PLAINTIFFS' MOTION TO STRIKE, AND STRIKING PLAINTIFFS' MOTION TO FILE A SUR-REPLY AS MOOT |

I. INTRODUCTION

Before the Court are cross motions for summary judgment. Defendant State Farm Fire & Casualty Company ("State Farm") moves this Court for summary judgment dismissal of all claims in this matter. Dkt. No. 27. Plaintiffs Lisa and Michael Kaufman ("Plaintiffs) move for partial summary judgment, requesting that this Court determine that State Farm (1) breached the insurance contract between the parties, (2) breached the quasi-fiduciary duty of good faith owed to Plaintiffs, (3) violated the Washington Consumer Protection Act ("WCPA"), and (4) violated

the Insurance Fair Conduct Act ("IFCA"). Dkt. No. 25. Plaintiffs also move the Court to strike State Farm's affirmative defenses. Plaintiffs further request that the Court reserve the issues of proximate cause and damages for the jury as authorized under Federal Rule of Civil Procedure 56(a). Having reviewed the motions, the oppositions and replies thereto, the record of the case, and the relevant legal authority, the Court will grant State Farm's motion for summary judgment and deny Plaintiffs motion for partial summary judgment. The reasoning for the Court's decision follows.[1]

## II. BACKGROUND

Plaintiffs are State Farm's insured under a homeowners insurance policy. On August 26, 2021, the finished basement of Plaintiffs' home flooded with six to twelve inches of water. Plaintiffs reported the damage to their insurance agent who, in turn, reported the claim to State Farm. State Farm contacted Plaintiffs who reported that the basement flooded due to a crack in the main water line. Dkt. No. 26-5 at 10. The crack was located outside the home's foundation, approximately seven feet away under a concrete patio. *Id.*; Dkt. No. 29-1 at 4. Based on this information, State Farm sent Plaintiffs a reservation of rights letter dated August 31, 2021 that identified several exclusions in the insurance policy that may preclude coverage for the claim. Dkt. No. 31-6 at 1. The letter further stated that State Farm was in the process of investigating the claim and that it had retained an engineering firm to inspect the home to "assist with evaluating the cause of the water damage". *Id.*

Keystone Experts + Engineers ("Keystone") inspected the home and issued a report dated September 16, 2021. Dkt. No. 29-1. The report determined that the water came from a break in a

---

[1] Plaintiffs move for leave to file a sur-reply so that they can respond to a supplemental declaration [Dkt. No. 41] filed by State Farm. Dkt. No. 44. The Court strikes the motion as moot because it did not consider the supplemental declaration [Dkt. No. 41] in resolving the cross-summary judgment motions.

PVC water supply pipe located under a slab-on-grade patio at the rear of the house. *Id*. at 5, 7. The report further concluded that:

- The water main pipe rupture occurred at a 90-degree PVC fitting. We could not determine the cause of the rupture.

- The water entered the building through the pipe penetration in the foundation wall into the crawlspace. Once in the crawlspace the water seeped into the floor of the crawlspace (crawlspace is pea gravel) and entered the finished basement at the elevation of the basement floor (where foundation wall meets basement slab).

*Id*. at 7. On September 21, 2021, State Farm sent Plaintiffs a letter notifying them that it was denying coverage for their loss because the damage was caused by "sub-surface water from outside the dwelling" and damage "resulting from this cause of loss is not covered by [the] policy." Dkt. No. 28-2 at 1.

Thereafter, Plaintiffs retained legal counsel and on October 26, 2021, Plaintiffs' counsel requested that State Farm reconsider its denial decision. In response to this request, State Farm contacted Keystone and requested further information about what caused the PVC water line to break. Dkt. No. 28-7 at 1. On November 19, 2021, Keystone issued a supplemental report that concluded:

- The crack in the PVC pipe was consistent with a lateral load potentially caused by compaction of the soil when the home was constructed or differential earth movement. The exact cause and timeframe of damage could not be determined.

Dkt. No. 29-2 at 2. On December 13, 2021, State Farm sent Plaintiffs' counsel a letter in which it reaffirmed its determination that there is no coverage for Plaintiffs' loss because the causes for the pipe failure identified by Keystone are also subject to exclusions under the policy. Dkt. No. 28-8 at 1.

Plaintiffs filed this lawsuit on March 21, 2022 in Snohomish County Superior Court, alleging breach of contract, bad faith, and WPCA and IFCA violations. Dkt. No. 1-2. State Farm

3

removed the case to this Court on April 22, 2022 and the instant motions for summary judgment were filed on March 28, 2023. Dkt. Nos. 1, 25 and 27.

### III. STANDARD OF REVIEW

"The standard for summary judgment is familiar: 'Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact.'" *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)). A court's function on summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there is not, summary judgment is warranted.

### IV. DISCUSSION

As stated above, both parties move for summary judgment on Plaintiffs' breach of contract claim, as well as Plaintiffs' extracontractual claims. The Court will address the breach of contract claim first.

**A. Whether State Farm Breached the Insurance Contract**

Interpretation of an insurance contract is a matter of law and determining whether coverage exists is a two-step process. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 730-31 (1992). First, the insured must show that the loss falls within the scope of the policy's insured losses. Then, to avoid coverage, the insurer must demonstrate that the loss is excluded by specific policy language. *McDonald*, 119 Wn.2d at 731. Under Washington law, the cause of loss is determined by the efficient proximate cause rule. *Graham v. Pemco*, 98 Wn.2d 533, 538 (1983). "The efficient proximate cause rule states that where a peril specifically insured against sets other causes into motion which, in an unbroken sequence, produce the result for which

4

recovery is sought, the loss is covered, even though other events within the chain of causation are excluded from coverage." *McDonald*, 119 Wn.2d at 731.

Here, the parties do not dispute that the damage to Plaintiffs' house falls within the general scope of the insurance policy's insured losses. However, State Farm asserts that there is no coverage for the damage because it was cause by subsurface water and the insurance policy exclude losses caused by subsurface water:

**SECTION I – LOSSES NOT INSURED**

\*\*\*

2.  *We* will not pay for, under any part of this policy, any loss that is caused by one or more of the items below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the residence premises, arises from natural or external forces, or occurs as a result of any combination of these:

\*\*\*

    c. Water, meaning:

        \* \* \*

    (8)    water or sewage below the surface of the ground, including water or sewage that exerts pressure on, or seeps or leaks through a **building structure**, sidewalk, driveway, swimming pool, or other structure;

Dkt. No. 26-1 at SFCLAIM_000130 (emphasis in original).

State Farm further asserts that the only identified potential causes of the pipe failure are also excluded under the policy. As stated above, the November 19, 2021 supplemental engineering report opines that the pipe failure may have been caused by improper compaction of the soil around the pipe during construction or differential earth movement. Dkt. No. 29-2 at 2. From this, State Farm concludes that "[o]nly two potential causes of failure were identified to a reasonable degree of engineering certainty; improper compaction of the soil during construction

or differential earth movement." Dkt. No. 27 at 12. According to State Farm, both causes are specifically excluded under the policy:

**SECTION I – LOSSES NOT INSURED**

\*\*\*

2.  *We* will not pay for, under any part of this policy, any loss that is caused by one or more of the items below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the residence premises, arises from natural or external forces, or occurs as a result of any combination of these:

    \*\*\*

    b.  **Earth Movement**, meaning the sinking, rising, shifting, expanding or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth. Earth movement includes but is not limited to:
        \*\*\*

        (4) movement resulting from:
            (a)   improper compaction;

Dkt. No. 27 at 12; Dkt. No. 26-1 at SFCLAIM_000130 (emphasis in original). Therefore, State Farm argues, it is entitled to summary judgment on the breach of contract claim.

Plaintiffs counter with four arguments. First, Plaintiffs argue that State Farm breached the insurance contract by denying coverage for the loss before it determined the cause of the pipe failure. Second, Plaintiffs contend that State Farm is estopped from "buttressing" its original denial of the claim with the conclusions in Keystone's supplemental engineering report. Third, Plaintiffs contend that State Farm cannot meet its burden to prove the applicability of the soil compaction and earth movement exclusions because it cannot conclusively establish what caused the pipe to break. Lastly, Plaintiffs argue that State Farm's interpretation of the subsurface water exclusion is too expansive. The Court will address each of these arguments in turn.

### 1. The September 21, 2021 Denial

As set forth above, State Farm advised Plaintiffs on September 21, 2021 that their claim was denied because the policy excluded losses caused by subsurface water. Plaintiffs contend that this denial constituted a breach of the insurance contract because State Farm denied coverage despite knowing that Keystone had not determined the cause of the pipe rupture. Plaintiffs argue that because Washington applies the efficient proximate cause rule to insurance claims, State Farm was obligated to determine the cause of the pipe rupture before it denied coverage for the loss caused by the subsurface water.

Jason Perry, the claims analyst who handled Plaintiffs' claim, testified that based on Keystone's findings, his years of experience, and the totality of the circumstances including the location of the pipe and the appearance of the crack, he could not come up with a reason for the pipe rupture that would be covered by the policy and, as such, the efficient proximate cause rule did not apply:

> In analyzing coverage, I reviewed the expert report authored by [Keystone] dated September 16, 2021. I factored into my review that the pipe ruptured underground, that it was buried over three feet below the surface, that the expert noted that the pipe was worn and smooth on the inside and outside of the crack. I also reviewed the pictures taken by the expert and noted the crack appeared to be worn and that there were smooth indentations under the crack. In my years of experience handling claims for State Farm, PVC material is not typically seen at the rupture location of a water main outside the structure. The pipe was buried under the patio slab. The expert made no indication that the slab had been disturbed, or the pipe had been accessed or worked on prior to the rupture. I also ruled out any freeze of the pipe given the loss occurred in August and the pipe was buried below ground.
>
> Based on the totality of facts and although the expert had noted he could not determine the cause of the rupture, in my experience the cause more likely than not had to be either from product failure, earth movement, or inadequate workmanship. All of these causes are excluded under the policy. I could not come up with any further cause or explanation of the pipe rupture other than earth movement, product failure, improper workmanship or a combination of these causes.
>
> Because I could not determine a cause of the pipe rupture that would be covered, it did not appear to me that the efficient proximate cause rule would apply and

7

therefore the subsurface water exclusion applied to exclude coverage for the [Plaintiffs'] damage.

Dkt. No. 32 at ¶¶ 8-10. Nevertheless, when State Farm received Plaintiffs' counsel's letter in which Plaintiffs contested the applicability of the subsurface water exclusion, State Farm escalated the matter to Mr. Perry's supervisors, Paul Yan and Brad Socolofsky, who reviewed the denial decision. They agreed that Plaintiffs' claim was not covered due to the subsurface water exclusion; however, Mr. Socolofsky instructed that State Farm needed to "[a]ddress and clarify the coverage determination for the pipe." Dkt. No. 31-10 at 2. As such, Mr. Yan instructed Mr. Perry to "follow up with engineer on additional info." *Id*. at 1. Thereafter, Mr. Perry contacted Keystone on November 17, 2021 and requested that Keystone "provide additional information and clarification of the causation and/or possible causes of the PVC water line break that caused the resulting water damage to [Plaintiffs' home]." Dkt. No. 29-2 at 1. In its November 19, 2021 supplemental report, Keystone determined that the "crack in the PVC pipe was consistent with a lateral load potentially caused by compaction of the soil when the home was constructed or differential earth movement." *Id*. at 2.

Based on this supplemental information, State Farm concluded that there still was not coverage for Plaintiffs' loss because the causes of the pipe rupture—faulty soil compaction and differential earth movement—are also excluded under the policy. Dkt. No. 28-8 at 1. State Farm further noted that "wear, deterioration, settling, continuous or repeated leakage of water, inadequate design, defective construction, weakness in materials used in construction, fault in grading or compaction, or maintenance" may have also contributed to the loss, and each of these is also excluded by the policy. *Id*. State Farm issued the final claim denial on December 13, 2021, less than three months after it issued the initial denial.

Therefore, while State Farm may have been premature in denying Plaintiffs' claim

initially, it took timely corrective action, and the outcome remained the same. Plaintiffs do not cite, and the Court's own research did not locate, any cases in which liability attached under similar circumstances. Thus, the Court finds Plaintiffs' argument unpersuasive.

### 2. Whether State Farm is estopped from relying on Keystone's supplemental report to deny coverage

Next, Plaintiffs argue that State Farm is estopped from denying coverage based on the causes of the pipe failure identified in Keystone's supplemental report because State Farm did not identify those causes in the September 21, 2021 denial letter. Once again, this Court is not persuaded by Plaintiffs' argument. First, while courts in Washington have precluded insurers from introducing new or different grounds for denying insurance coverage, they have done so only once litigation has commenced. *See e.g. Karpenski v. American General Life Companies, LLC*, 999 F. Supp. 2d 1235, 1246 (W.D. Wash. 2014) (precluding insurance company from asserting additional bases for rescinding coverage because it waited to do so "until well after litigation began"); *Bosko v. Pitts & Still, Inc.*, 75 Wn.2d 856, 863 (1969) (insurer was estopped from asserting a new ground for avoiding liability because insurer waited until "after the commencement of [lawsuit]" and nearly three years after the incident that gave rise to coverage); *Vision One LLC v. Philadelphia Indem. Ins. Co.*, 174 Wn.2d 501, 520-521 (2021) (insurer precluded from asserting new ground for coverage that was raised for the first time during trial); *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 63 (2000) (insurers may be precluded from asserting new grounds for denying coverage during litigation). And second, the insured must establish that it suffered prejudice from the insurer's failure to raise the new ground in its initial denial letter. *See Jones v. State Farm Fire and Casualty Company*, 2018 WL 4281532, *3 (W.D. Wash. Sept. 7, 2018).

Here, less than three months expired between State Farm's initial denial (September 21,

2021) and its final denial (December 13, 2021). The final denial letter, which disclosed each of State Farm's current bases for denying coverage, was issued more than a month before Plaintiffs filed their 20-Day ISFA Notice and three months before Plaintiffs filed this lawsuit; in other words, well before litigation commenced. Moreover, it is difficult to see how Plaintiffs were prejudiced by State Farm's failure to raise the soil compaction and earth movement exclusions in the initial denial letter. Both exclusions were included in the August 31, 2021 reservation of rights letter and Plaintiffs were fully aware of State Farm's defenses when they filed this lawsuit, conducted discovery, and responded to State Farm's instant motion. Indeed, the only "prejudice" Plaintiffs claim to have suffered due to State Farm's failure to include the soil compaction and earth movement exclusions in the initial denial letter is that they had to retain an attorney. Retaining an attorney is not the type of prejudice that warrants estoppel. Thus, this Court rejects Plaintiffs' estoppel argument.

### 3. Whether State Farm has met its burden of proving that the soil compaction and earth movement exclusions apply

Plaintiffs next argue that State Farm cannot meet its burden to prove the applicability of the soil compaction and earth movement exclusions because it cannot conclusively establish what caused the pipe to break. In making this argument, Plaintiff focus on the fact that Keystone opined that the pipe failure was "potentially" caused by soil compaction or differential earth movement. Dkt. No. 29-2 at 2. Keystone further stated that the "exact cause and timeframe of damage could not be determined." *Id*. Plaintiff allege that this evidence is insufficient to establish that the soil compaction and earth movement exclusions are applicable.

State Farm's response is two-fold. First, it submits a declaration from Dave Pioli, the Keystone engineer who signed the two engineering reports. In his declaration, Mr. Pioli states:

> Based upon my investigation I was able to determine to a reasonable degree of engineering certainly that the cause of the water main rupture was either improper

> compaction of soil at the time of construction or differential earth movement. The crack is consistent with a deformation taking place over time and not consistent with a break caused by a sudden external force. Based on my inspection of the pipe and location of the break, the chances of the rupture being caused by something other than improper compaction or differential earth movement are de minimus and I have no information indicating that another probable or potential cause exists.

Dkt. No. 29 at ¶¶ 11-12.[2] State Farm argues that Mr. Pioli's testimony that the possibility that the pipe rupture was caused by something other than faulty soil compaction or differential earth movement is "de minimus" is more than sufficient to establish that those two exclusions apply. Second, State Farm points out that Plaintiffs have not offered competing expert testimony or other evidence to dispute State Farm's claim as to what caused the pipe to break. *See* Dkt. No. 39 at 12 (Plaintiffs "have failed to provide any competing expert, evidence, facts or even explanation that would support an alternative cause to the pipe rupture to create an issue of fact").

State Farm is correct. It has offered expert testimony that the pipe's rupture was more probable than not caused by either faulty soil compaction or differential earth movement, both excluded causes under the policy. Because State Farm concluded that all potential causes of the pipe rupture were excluded from coverage, it was not required to further investigate to conclusively determine what caused the failure. *See Capelouto v. Valley Forge Ins. Co.*, 990 P.2d 414, 420 (Wn. App. 1999) ("[T]he insurers' denial of the claims was based in part on their conclusion that all causes of the loss were excluded from coverage. Thus, the decision to deny

---

[2] In response to State Farm's summary judgment motion, Plaintiffs move to strike Mr. Pioli's March 23, 2023 declaration [Dkt. No. 29], arguing that it (1) contains opinions that State Farm allegedly failed to disclose in accordance with Federal Rule 26(a)(2)(C), (2) fails to meet the minimum standard for admissibility of expert opinions, and (3) is not relevant. Dkt. No. 33 at 8. The Court denies the motion to strike. The Court has reviewed State Farm's Rule 26(a)(2)(C) disclosure regarding Mr. Pioli and finds that it fairly informed Plaintiffs of the substance and basis of his proposed testimony, placed Plaintiff on sufficient notice to allow them to depose him to ascertain the exact perimeters of his testimony, and is relevant. *See Mueller v. Department of Public Safety*, 2021 WL 5138428, 83 (D. Hawai'i Nov. 4, 2021). Moreover, Plaintiffs attack on Mr. Pioli's testimony on *Daubert* grounds is untimely and will not be considered by this Court. *See* LCR 16(b) (any motion to exclude based on *Daubert* must be filed no later than the deadline to file dispositive motions).

1  coverage without further investigation … was not unreasonable … Further investigation to
2  determine the efficient cause of the loss would not have invalidated the insurers' defense that all
3  possible causes were excluded from coverage.") (internal citation omitted). Plaintiffs have
4  offered nothing to counter State Farm's position. State Farm has met its burden; it is Plaintiffs
5  who have not. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (once the moving party has
6  satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate
7  "specific facts showing that there is a genuine issue for trial").

### 4. The perimeters of the subsurface water exclusion

Lastly, Plaintiffs argue that State Farm is interpreting the subsurface water exclusion too broadly. According to Plaintiffs, two of the exclusions that State Farm relies on to deny coverage—"wear and tear" and "defective construction"—contain an ensuring loss clause, which means that if one of those two exclusions applies, there would still be coverage if the subsurface water exclusion does not apply. The problem with Plaintiffs' argument is that State Farm is not relying on the "wear and tear" or "defective construction" exclusions to deny coverage. As stated above, it is relying on the faulty soil compaction or earth movement exclusions to deny coverage, and neither exclusion contains an ensuring loss clause.

Moreover, the Court does not agree that State Farm is interpreting the subsurface water exclusion too broadly. The gist of Plaintiffs' argument is that the subsurface water exclusion applies only to naturally occurring groundwater, not to water underground that came from a broken pipe. The relevant provisions in the policy are as follows:

> We will not pay for, under any part of this policy, any loss that is caused by one or more of the items below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the residence premises, arises from natural or external forces, or occurs as a result of any combination of these:
>
> water or sewage below the surface of the ground, including water or sewage

that exerts pressure on, or seeps or leaks through a building structure, sidewalk, driveway, swimming pool, or other structure;

Dkt. No. 26-1 at SFCLAIM_000130 (emphasis removed). The foregoing language does not restrict the term "water" to only water that naturally occurs underground. The only modifier of the term "water" in the foregoing provision is "below the surface of the ground". Indeed, the introductory paragraph clarifies that it applies whether the loss "arises from natural *or external forces*" (*id.*, SECTION I – LOSSES NOT INSURED, Section 2 (emphasis added)), further clarifying that the water does not need to be naturally occurring groundwater, and when the provision intends to exclude water from domestic sources, it does so. *Id.* at Section 2c.(2) ("surface water. This does not include water solely caused by the release of water from a swimming pool, spigot, sprinkler system, hose, or hydrant"). Thus, the Court concludes that the straightforward reading of the policy exclusion is that loss caused by *any* water below the surface of the ground, whether natural or domestic, is excluded.[3] *See*, *e.g.*, *Weyehaesuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 665-66 (2000) (noting that an insurance contract must be given "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance").

### B.     Plaintiffs' Extracontractual Claims

Both parties also move for summary judgment on Plaintiffs' IFCA, bad faith, and WCPA claims. The Court will address each claim in turn.

---

[3] It does not appear that a Washington court has interpreted the identical language at issue in this policy. The parties point this Court to conflicting cases from California. *See*, *Varela v. State Far Gen. Ins. Co.*, 555 F. Supp. 3d 983 (E.D. Cal. 2021), *Ahluwalia v. Allied Property & Casualty Insurance Co.*, 2012 WL 2681801 (E.D. Cal. July 6, 2012), and *Wisteria Properties LLC v. Ohio Sec. Ins. Co.*, 2012 WL 6882154 (C.D. Cal. Nov. 17, 2021). While these cases are not binding, the Court does find the reasoning in *Wisteria* persuasive. *Wisteria Properties LLC v. Ohio Sec. Ins. Co.*, 2012 WL 6882154 (C.D. Cal. Nov. 17, 2021) (holding that "the plain reading of the Water Exclusion Endorsement shows that *any* water under the ground surface, rather than only natural water or ground water or subterranean water, seeping though the foundations is precluded from coverage") (emphasis in original).

1.     **The IFCA Claim**

The IFCA provides that:

> Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action … to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs … .

RCW 48.30.015(1). The Washington Supreme Court has made clear that to maintain a cause of action under the IFCA, the "insured must show that the insurer unreasonably denied a claim for coverage or that the insurer unreasonably denied payment of benefits." *Perez-Crisantos v. State Farm Fire and Casualty Company*, 187 Wn.2d 669, 683 (2017) (emphasis removed); *see also Cochrane v. American Guarantee & Liability Ins. Co.*, 471 F. Supp. 3d 1140, 1154 (W.D. Wash. 2020) ("IFCA does not create an independent cause of action for [enumerated] regulatory violations absent an underlying unreasonable denial of coverage or benefits."); *Cardenas v. Navigators Ins. Co.*, 2011 WL 6300253 at *6 (W.D. Wash. 2011) ("Although violations of the enumerated regulations provide grounds for trebling damages or for an award of attorney's fees; they do not, on their own, provide a IFCA cause of action absent an unreasonable denial of coverage or payment of benefits.").

This Court has already concluded that State Farm did not unreasonably deny Plaintiffs' claim for coverage. Therefore, Plaintiffs' IFCA claim must be dismissed as a matter of law.

2.     **Bad Faith**

Washington law requires insurance companies to conduct their relationships with their insured in good faith. *Coventry Associates v. American States Ins. Co.*, 136 Wn.2d 269, 276 (1998). Relevant here, an insured may maintain an action against its insurer for bad faith regardless of whether the insurer was correct in determining that coverage did not exist. *Id*. at 279. An insurer is liable for bad faith when it overemphasizes its own interests, or

when it acts in any way that is unreasonable, frivolous, or unfounded. *Id*. at 280. On the other hand, the insurer satisfies its good faith obligation if it "fulfill[s] its contractual and statutory obligation to fully and fairly investigate the claim." *Id*. at 279. "Of course, insurance companies, like every other organization, are going to make some mistakes. As long as the insurance company acts with honesty, bases its decision on adequate information, and does not overemphasize its own interests, an insured is not entitled to base a bad faith or CPA claim against its insurer on the basis of a *good* faith mistake." *Id*. at 280 (emphasis in original).

Plaintiffs allege that State Farm breached its duty of good faith by violating several provisions of the Unfair Claims Settlement Practices Act, WAC 284-30-300 *et seq*. and completing an unreasonable investigation in violation of its good faith obligations under the common law.

        a.      **Whether State Farm violated provisions of the Unfair Claims Settlement Act**

Pursuant to legislative authority under RCW 48.30.010, the Washington Insurance Commissioner developed comprehensive insurance regulations that "generally set forth certain minimum standards which, if violated with such frequency as to indicate a general business practice" will be deemed to constitute a breach of the insurer's duty of good faith. *Tank v. State Farm Fire & Cas. Co*., 105 Wn.2d 381, 393 (1986); *Coventry*, 136 Wn. 2d at 276. These regulations are found in WAC-284-30-300 *et. seq*. *Tank*, 105 Wn.2d 393. Plaintiffs assert that State Farm violated five of these regulations, each of which is addressed below.

WAC 284-30-300(1) prohibits an insurer from mispresenting pertinent facts or insurance policy provisions to the insured. Plaintiffs claim that State Farm violated this regulation because the September 21, 2021 denial letter that State Farm initially sent to Plaintiffs incorrectly cited a portion of the policy language. Plaintiffs claim that this constitutes "misrepresenting" the

insurance policy. However, Plaintiffs fail to address the fact that State Farm cited the correct policy language in its August 31, 2021 reservation of rights letter, that Plaintiffs had a copy of the insurance policy, that State Farm provided Plaintiffs' attorney with a copy of the policy on October 8, 2021, and that State Farm cited the correct policy language in the December 13, 2021 denial letter. The Court concludes that no reasonable jury could find that a mere clerical error, particularly one that is bookended by correct citations, constitutes bad faith under WAC 284-30-300(1). *See Hell Yeah Cycles v. Ohio Sec. Ins. Co.*, 16 F. Supp. 3d 1224, 1235 (E.D. Wash. 2014) (noting that bad faith claims generally raise fact issues that prevent a determination of summary judgment, but "if reasonable minds could not differ on whether the defendant acted in bad faith …, summary judgment is appropriate); *see also Coventry*, 136 Wn. 2d at 280 (a good faith mistake is not a basis for bad faith).[4]

WAC 284-30-300(4) prohibits an insurer from refusing to pay claims without first conducting a reasonable investigation. Plaintiffs assert that State Farm violated this regulation when it denied coverage for their claim on September 21, 2021 without first determining the cause of the pipe rupture. This Court disagrees that State Farm did not conduct a reasonable investigation. State Farm: (1) spoke with Plaintiffs the day after it was notified of their claim, (2) retained Keystone, an independent engineering firm, within two business days of receiving the notice, (3) Keystone inspected the property and interviewed Plaintiffs within twenty days of the claim notice, and (4) Keystone issued its twenty-plus page report that included site observations, evaluations, photographs, and a soil survey, within thirty days of the date of loss. Plaintiffs claim

---

[4] Although not referenced at all in Plaintiffs' summary judgment motion and only briefly mentioned in their opposition to State Farm's motion, the Court has reviewed the declaration of Plaintiffs' expert Damian Arguello who opines on the alleged "numerous ways State Farm's handling of [Plaintiffs'] claim failed to meet minimum industry standards." Dkt. No. 33 at 27. The Court concludes that his testimony does not create an issue of material fact that prevents summary judgment on Plaintiffs' claims.

that State Farm knew it should not have denied Plaintiffs' claim based on the foregoing report because the report did not identify the cause of the pipe rupture. As stated above, State Farm denied the claim because the report revealed that the damage was caused by subsurface water, an excluded cause of loss under the policy. However, when Plaintiffs challenged the applicability of the subsurface water exclusion to their claim, State Farm chose to further investigate the claim to determine whether what caused the pipe rupture was covered under the policy. State Farm immediately requested further information regarding the same from Keystone and when Keystone identified two potential causes of the rupture, both excluded perils under the policy, State Farm reaffirmed its denial of coverage. Significantly, Plaintiffs do not point to any facts or information that would have been revealed through additional investigation, they did not perform their own investigation, and they do not offer an alternative reason for the pipe failure. Based on the facts in the record, this Court concludes that no reasonable jury could conclude that State Farm did not conduct a reasonable investigation of Plaintiffs' claim. Plaintiffs' claim for violation of WAC 284-30-300(4) must be dismissed.

WAC 284-30-300(13) prohibits an insurer from failing to promptly provide a reasonable explanation of the basis in the insurance policy for denying the claim. Plaintiffs argue that the September 21, 2021 denial letter violated this regulation because it failed to address the cause of the pipe rupture. Once again, the Court concludes that based on the record, no reasonable jury could conclude that this failure constitutes a breach of good faith when State Farm took immediate action to correct the alleged error upon notification and provided Plaintiffs with a complete explanation in its December 13, 2021 denial letter.

WAC 284-30-350(1) prohibits an insurer from failing to fully disclose all pertinent benefits, coverages, or other provisions of the insurance policy under which a claim is presented. Plaintiffs contend that State Farm ran afoul of this regulation when it initially miscited part of the

relevant policy language in the September 21, 2021 letter. This argument fairs no better with respect to this regulation than it did with respect to WAC 284-30-300(1) discussed above. This was a simple clerical letter that was corrected shortly thereafter on December 13, 2021. State Farm cited the correct language in the August 31, 2021 reservation of rights letter and provided Plaintiffs with a copy of the Policy. State Farm also provided Plaintiffs' counsel with another copy of the Policy on October 8, 2021. Thus, disclosure of all pertinent policy provisions and benefits was accomplished by October 8, 2021. *See Nationwide Mut. Fire Ins. Co. v. Watson*, 120 Wn.2d 178, 193 (1992) (insurer complied with its duties to disclose all pertinent policy provisions by providing insured's counsel with a copy of the policy). Thus, this Court concludes that no reasonable jury could find that State Farm violated WAC 284-30-350(1).

Lastly, under WAC 284-30-380(1), the insurer must not deny a claim on the grounds of a specific policy provision, condition, or exclusion unless reference to the specific provision, condition, or exclusion is included in the denial. Once again, although the September 21, 2021 denial letter did not mention the full basis on which State Farm ultimately denied coverage, the December 21, 2021 letter did, thus correcting any potential error. Therefore, this Court concludes that no reasonable jury could find State Farm liable for bad faith based on its temporary violation of this regulation.[5]

---

[5] Plaintiffs' bad faith claim fails for the additional reason that they have not alleged damages specifically related to the bad faith claim. *See Mut of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc.,*, 161 Wn.2d 903, 914 (2007). "Claims of insurer bad faith 'are analyzed applying the same principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty.'" *Id*. (quoting *Smith v. Safeco Ins. Co*., 150 Wn.2d 478, 485 (2003). And because this is a first-party claim against an insured, there is no rebuttable presumption of harm. *St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 132 (2008). Instead, Plaintiffs are required to "prove actual harm, and [their] 'damages are limited to the amounts [they] incurred as a result of the bad faith … as well as general tort damages.'" *Id*. (quoting *Coventry*, 136 Wn.2d at 285). Plaintiffs do not allege that they incurred damages as a result of the alleged bad faith (*e.g.*, that they conducted their own investigation and/or retained their own engineering expert as a result of the initial September 21, 2021 denial letter). Thus, the claim fails as matter of law.

### b. Whether State Farm breached its common law duty of good faith

Plaintiffs also contend that State Farm breached its common law-imposed duty of good faith. Generally, their arguments mirror the arguments they assert with respect to State Farm's alleged breach of the insurance regulations set forth in WAC 284-30-300 *et. seq*. The Court rejects those arguments here for the same reasons it rejected them above. However, Plaintiffs raise two additional grounds for asserting that State Farm breached its common law duty of good faith. Plaintiffs charge that (1) State Farm elevated its own interest over Plaintiffs by asking Keystone to supplement its report because it allegedly knew that Plaintiffs were contemplating a lawsuit, and (2) State Farm interpreted the Keystone supplemental report in the light most favorable to excuse coverage. Both arguments are unavailing. Plaintiffs seem to be suggesting that once they contested the applicability of the subsurface water exclusion, State Farm was obligated to find coverage. That is not the standard under Washington law. An insurer is not required to pay claims which are not covered by the contract or take other actions inconsistent with the contract. *Coventry*, 136 Wn.2d 280. State Farm had every right to ascertain the cause of the pipe rupture. Unfortunately for Plaintiffs, the only potential causes that Keystone identified are also excluded under the policy. This claim also fails as a matter of law.

### 3. The WCPA Claim

The WCPA prohibits unfair or deceptive practices in trade or commerce. *Peoples v. United Services Automobile Association*, 194 Wn.2d 771, 777 (2019) (citing RCW 19.86.020). "[I]nsureds may bring private [W]CPA actions against their insurers for breach of the duty of good faith or for violations of Washington insurance regulations." *Id*. Here Plaintiffs allege that State Farm violated the WCPA by unreasonably denying insurance coverage and by violating

multiple provisions of the insurance regulations. Given that this Court has already concluded that State Farm did not unreasonably deny Plaintiffs' claim and that it did not violate any of the proffered insurance regulations, Plaintiffs' WCPA claim must be dismissed as a matter of law.

## V. CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS State Farm's motion for summary judgment (Dkt. No. 27), DENIES Plaintiffs' motion for partial summary judgment (Dkt. No. 25), DENIES Plaintiffs' motion to strike, and STRIKES Plaintiffs' motion for leave to file a sur-reply as moot (Dkt. No. 44). The case is HEREBY DISMISSED with prejudice.

Dated this 23rd day of May, 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge